UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

        Plaintiffs,

v.

PATRICIA L. CARUSO, *et al.*,

        Defendants.

_____/

Case No. 4:92-CV-110

Hon. Richard Alan Enslen

<u>**ORDER**</u>

      Upon determination that Defendants' Plan Pursuant to the Court's Preliminary Injunction of October 19, 2005 addresses the Eighth Amendment violations stemming from the denial of necessary medical care for serious illness and disease which were identified during the Preliminary Injunction Hearing and which have continued to be studied by the medical monitor, Dr. Robert Cohen;

      **IT IS HEREBY ORDERED** that Defendants' Plan Pursuant to the Court's Preliminary Injunction of October 19, 2005 (Dkt. No. 1927) is **APPROVED** together with the following revisions and modifications (which revisions are necessary to prevent Eighth Amendment violations of prisoners' rights, especially in the area of medical care of dialysis patients):

      1. The Court strikes the following pages and lines of the plan as impertinent or factually inaccurate:

      a. Page 13, paragraph under item 5 (Telephone Contact):

*However, holding community providers to this requirement is not totally in the power of the MDOC or CMS. Contractual requirements of this nature do not always dictate behavior of the physician. The availability of specialists in the Jackson area and the large market for their services limits the ability of both CMS and the Defendants to put undue pressure on specialists in areas that do not involve the quality of their care. However, Defendants will make this request.*

      b. Page 13, last full sentence on page:

> *It is, and always has been, the policy of CMS not to pend awaiting the dictation if the information from the specialist or MSP is adequate to determine medical necessity.*

*c.* Page 17, under item 6:

> *There are no significant problems with patients with chronic medical problems in obtaining a bed at DWH or C-Unit if the medical needs dictate.*

2. The Court amends the plan to include the following additional elements:

a. Defendants must include within its Serapis computerized medical record system (or equivalent system) laboratory and Pharmacy records for prisoners at Dwayne Waters Hospital and C-Unit.

b. Defendants shall deliver medically necessary specialty consultations in a medically timely manner. Complex sequential diagnostic evaluations shall be scheduled simultaneously, when appropriate to minimize delay in the treatment of serious medical problems. Defendants will submit four kinds of monthly reports (specialty care workload report, specialty care patient report, pending consultations report, and non-occurring scheduled clinical appointments listed by patient identifier). These reports shall be submitted within 30 days of this Order and thereafter to the Court, medical monitor and Plaintiffs' counsel. The reports shall be submitted in the manner specified by Dr. Cohen during the hearing of January 11, 2006 and shall contain the following information:

> 1. <u>Specialty Care Workload Report</u> – List of all clinics, the number of patients seen during the month, the number of patients scheduled to be seen who were not seen (cancelled appointments), the number of patients with pending consultations for each clinic, the number of pending consultations which are past their requested completion date, and whether the clinics are at DWH or off-site. "Clinics" refer to specialty care, specialty diagnostic procedures, whether at DWH or off-site, including CT scans,

MRI's, EMG's, Stress Tests, echocardiograms, *etc*.

2. <u>Specialty Care Patients Seen</u> – A monthly report listing all patients who have received specialty care during the month. The report should be organized by clinic. For each clinic, the following information will be reported

a. Name
b. MDOC number
c. Initial or follow-up consultation
d. Diagnosis/reason for consultation
e. MDOC facility
f. Date of consult request
g. Number of days requested by practitioner
h. Date consult obtained
I. Number of days elapsed – if greater than days requested [**format in bold**].

3. Pending Consultations Report – a report of all pending consults, organized by specialty clinic. For each clinic, the following information will be reported:

a. Name
b. MDOC number
c. Initial or follow-up consult
d. Diagnosis/reason for consultation
e. MDOC facility
f. Date of consult request
g. Number of days requested by practitioner
h. Date consult obtained
I. Number of days elapsed – if greater than days requested [**format in bold**].

4. <u>Non-Occurring Appointments/Patient Data</u>– a monthly report of all scheduled clinic appointments which did not occur. Elements of this report will include:

a. Name
b. MDOC number
c. Hadix facility name
d. Location of clinic – DWH or off-site
e. Reason for failure of scheduled appointment
    I. Prisoner refusal
    ii. Physician/Medical Facility cancellation

      iii. Physician failure to attend
      iv. MDOC transportation not available
      v. MDOC cancellation of appointment

It is the Court's expectation that the data presented will be accurate and will be reviewed periodically by Defendants and the special monitor to insure its accuracy. It is also the Court's expectations that Defendants will take special notice of urgent and emergent specialty care not occurring as medically required (*e.g.,* delayed oncology appointments.)

    c. The Court finds that Dr. Middlebrook is not always present in the dialysis unit, in part, at least, because he has other duties. The Court is also of the opinion that the dialysis unit requires a nephrologist, or at least a board-certified internist, to provide additional hours of service in the dialysis unit.

    d. Defendants shall employ a nephrologist or board-certified internist to provide additional hours of service at the Dialysis Unit. The hours of service of such provider or providers (together with such hours as are actually performed by Dr. Middlebrook) shall not be less than the regular work week of a full-time medical service provider for the facility. Dr. Middlebrook, or another nephrologist, will be responsible for the clinical care at the Dialysis Unit, and will supervise any additional non-nephrologist physician staff**.** Those hours of service shall be performed primarily at the JMF dialysis unit.

    e. Defendants shall insure that all prisoners who are admitted to segregation in RGC and JMF will have their medical records reviewed by the assigned physician within one week of their placement in segregation. The physician assigned to the segregation unit at JMF will make joint rounds with the CMS Associate Medical Director on a monthly basis. The physician assigned to care

for patients in the segregation/quarantine unit at RGC will make rounds once a month with the Case Manager assigned to that unit.

**IT IS FURTHER ORDERED** that the medical monitor, Dr. Robert Cohen and/or the independent monitor, Dr. Benton, shall have authority to employ a nephrologist to study the quality of care delivered to prisoners at the Dialysis Unit. If possible, such nephrologist should reside convenient to the *Hadix* facilities. The appointment shall be made within 21 days and after consultation with the parties concerning the best qualified, most available and most conveniently located physician.

**IT IS FURTHER ORDERED** all previous pending court deadlines (including the three-day evidentiary hearing for February 2006) are **CANCELLED**.

**IT IS FURTHER ORDERED** that the parties shall anticipate and plan for a status conference on or about July 1, 2006 (the exact date and time will be noticed later) with the further expectation that an evidentiary hearing will be held as soon as practicable thereafter (for example, in September 2006), which will depend both upon the parties' progress in implementing the plan and the parties' progress in discovering and sharing information as to plan implementation and overall health care issues.

**IT IS FURTHER ORDERED** that the parties shall within 14 days either submit a stipulation for Court approval concerning necessary scheduling dates and deadlines (for discovery, expert report disclosure, *etc.*) or, if they are unable to agree, shall contact the office of United States Magistrate Judge Ellen S. Carmody to obtain further judicial assistance at a scheduling conference.

**IT IS FURTHER ORDERED** that the Court approves the oral stipulation of the parties made at the hearing whereby they agreed that the Preliminary Injunction would continue in force notwithstanding the 90-day automatic limitation of 18 U.S.C. § 3626(a)(2).

**IT IS FURTHER ORDERED** that the Court finds that the relief ordered herein satisfies the requirements of 18 U.S.C. § 3626(a)(1) in that: the order is narrowly drawn, extends no further than necessary to correct the current and ongoing probable violation of Plaintiffs' constitutional rights under the Eighth Amendment, and is the least intrusive means necessary to correct the probable violation of those rights because it relies upon Defendants' existing system of health care with minimally necessary changes to address the violation and because the Court has previously provided Defendants with multiple opportunities to address the violation before such relief was ordered.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
January 12, 2006  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE