UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

        Plaintiffs,

v.

PATRICIA L. CARUSO, *et al.*,

        Defendants.
_____/

Case No. 4:92-CV-110

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Defendants' Appeal of United States Magistrate Judge Ellen S. Carmody's Order of August 29, 2006. Said Order partially struck Defendants' belated witness list by striking the testimony of two expert witnesses and potentially limiting the testimony of a third expert witness. Oral argument is unnecessary given the issues raised, and given the Court's familiarity with the issue from discussions during the July 12, 2006 status conference.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is limited to whether the orders are "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard is necessarily deferential; it does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985)); *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996).[1]

---

[1] Although the Court applies the "clearly erroneous" standard, the Court would reach the same resolution even if a "*de novo*" standard were applied.

What is at issue here is the potential testimony of Ronald Shanky, M. D., Rafael Javier, M.D., and potentially some testimony of Robert Greifinger, M.D.[2]  The Order excluded such testimony pursuant to Federal Rule of Civil Procedure 16(f) due to belated listing of the witnesses, belated disclosure of expert reports, and belated disclosure of related discovery.[3]  The Court concurs with the Magistrate Judge's conclusion that the exclusion of such testimony was the proper and just sanction for the late disclosures.  The cases of *Power Ventures Inc. v. City of Westfield*, 296 F.3d 43, 46-47 (1st Cir. 2002) and *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315-16 (1st Cir. 1998) support this result.  While the Court understands that the focus of federal prison litigation, by statute, is the constitutionality of current prison conditions, *see* 18 U.S.C. § 3626(b)(3), this does not mean that all rules of case management and discovery are suspended in pursuit of what happened in the last instant.  Rather, the presentation of testimony must still abide by the ordinary rules of case management and discovery in order to ensure that competing parties have fair access to information and can fairly test the conclusions of their adversaries.

In affirming this decision, the Court has weighed the factors of the importance of the testimony, the prejudice to the opposing party of allowing the late testimony, the possibility of curing

---

[2] The witness filing deadline was given by the Court's Order of February 6, 2006 approving the partial stipulation of January 26, 2006.  Defendants' witness list was filed some 20 days late and included two newly disclosed expert witnesses– Shansky and Javier– as to whom reports were not timely provided.  Dr. Greifinger's first expert report was timely disclosed, though his amended (second) report was untimely.  Dr. Greifinger's amended expert report will be received at the conclusion of the October evidentiary hearing provided that Plaintiffs are given adequate further discovery as to his amended expert report; if not, then Defendants should be limited to the first report and testimony in support of the first report as explained more completely in the Order of August 29, 2006.

[3] Defendants were required by the Order of February 27, 2006 to provide the names of individuals referenced in expert reports as well as the supporting medical documentation relied upon by the expert.  (Order of Feb. 27, 2006 ¶ 3.)

prejudice through delay of trial, and the explanation for the party's failure. *See Rushing v. Kansas City So. R.R. Co.*, 185 F.3d 496, 509 (5th Cir. 1999) (citing cases). These factors support the Magistrate Judge's decision to exclude the testimony notwithstanding the significance of the testimony. Plaintiffs would be greatly prejudiced were they forced to confront such testimony without adequate preparation and discovery. The hearing cannot be delayed since there have been a spate of prisoner deaths under dire circumstances suggesting constitutional violations by Defendants and further suggesting that significant injunctive relief may be urgently necessary to correct the violations. Defendants' extension request was caused by Defendants' noncompliance with clear scheduling requirements. Due to the repeated nature of Defendants' noncompliance in this case, the Court regards such noncompliance as intentional and warranting correction. There is a strong need to reinforce the rule of law and to prevent untimely practice in this case given its long-standing nature. *See also Clarksville-Montgomery County Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991) (citing cases and discussing district courts' broad authority under Rule 16).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Appeal of the Magistrate Judge's Order of August 29, 2006 (Dkt. No. 2108) is **DENIED** and the Order is **AFFIRMED**.

DATED in Kalamazoo, MI:
October 2, 2006

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE