UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

            Plaintiffs,

v.

PATRICIA L. CARUSO, *et al.*,

            Defendants.

_____/

Case No. 4:92-CV-110

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Defendants Patricia Caruso *et al.*'s Motion to Quash [Plaintiffs'] Discovery Subpoena of Allan Small, a non-party witness. Small is the psychologist who was on duty on August 6, 2006, the date of the infamous prisoner death in segregation, and has been subpoenaed to produce a copy of the videotape recordings relating to the August 6, 2006 death. The Motion is opposed by Plaintiffs, who seek to enforce the discovery subpoena. This Motion is resolved without argument due to its urgency and the straight-forward nature of the issues in dispute.

Defendants' arguments, in favor of quashing the subpoena, concern the service of the subpoena and witness fees under Federal Rule of Civil Procedure 45(b), the fact that Small was not listed as a trial witness,[1] the interests of Defendants in prison security, and the interests of the decedent's estate in the privacy, name and likeness of the decedent.

Plaintiffs' response adequately answers these concerns. First of all, Allan Small is not a party to these proceedings and Defendants lack standing to move to quash the discovery subpoena. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citing authorities); *McNerney v. Archer Daniels*

_____

[1]The late listing is proper in view of the fact that this evidence arose belatedly.

*Midland Co.*, 164 F.R.D. 584, 587-88 (W.D.N.Y. 1995) (citing authorities); *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) (citing authorities).

Although the lack of standing makes further rulings unnecessary, the Court also makes the following observations for the purpose of facilitating the cooperation of the parties and prompt resolution of controversies. The objections about service were implicitly waived by Defendants' counsel's acceptance of service without objection, and by the parties' implicit practices in this case which have utilized informal service practice to reduce Defendants' costs in the suit (*i.e.,* formal practices would result in greater attorney services by Plaintiffs and greater costs, which Defendants would then be obligated to pay under 42 U.S.C. § 1988 and 28 U.S.C. § 1920). Defendants' concerns about the "security" of *Hadix* facilities is not threatened by disclosure of the tape. The tape, according to past briefing, shows only in-cell prisoner treatment and its disclosure would not, in the Court's judgment, degrade security in any way. Defendants' concerns about the privacy interests of the deceased are substantial–as indicated by the Court's Order of September 28, 2006. However, Plaintiffs have also obtained express permission from the attorney for the estate for Plaintiffs to "obtain" the tape for discovery purposes. (Pls.' Resp., attach. 1.) As such, those concerns do not prevent enforcement of the subpoena.

The Court will also modify its Order of September 28, 2006 to facilitate the filing of a copy of the tape by the Independent Medical Monitor.[2] This modification will have the effect of sealing the tape from public disclosure. This is regrettable in light of the rule of openness of public

---

[2]Said Order required, as a condition for filing the tape, that the tape be filed in both an original and redacted format. The Independent Monitor has since informed the Court, though, that the redaction of the tape is practically speaking impossible due to the very significant editing which would be involved.

2

proceedings, but is necessary in this case because the decedent's estate has not waived its privacy interests in the use and full disclosure of the taped images.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion to Quash (Dkt. No. 2122) is **DENIED**.

**IT IS FURTHER ORDERED** that the Order of September 28, 2006 is **AMENDED** as follows: The requirement of filing a redacted copy is **VACATED**.  The original copy shall remained **SEALED** and not disclosed to the public, except for Plaintiffs' counsel and proper representatives of the decedent's estate.

<div style="margin-left:auto">

/s/ Richard Alan Enslen

</div>

DATED in Kalamazoo, MI:      RICHARD ALAN ENSLEN
    October 3, 2006     SENIOR UNITED STATES DISTRICT JUDGE