UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

      Plaintiffs,

Case No. 4:92-CV-110

v.

Hon. Richard Alan Enslen

PATRICIA L. CARUSO, *et al.*,

**ORDER**

      Defendants.

_____/

      Defendants, through counsel, have moved for an adjournment of the January 24-26, 2007 evidentiary hearing scheduled in this matter. Defendants request that the hearing be adjourned until late April 2007. Plaintiffs oppose such request.

      This Court had long planned an evidentiary hearing, after discovery, for October 2006. On July 12, 2006, a scheduling conference was held. The next day, by written Order, this Court informed the parties that, as had been earlier scheduled, an evidentiary hearing would be heard on October 11-13, 2006. (Dkt. No. 2057.) Because the parties even then anticipated that the proofs would outlast the hearing, the Court determined that Plaintiffs' requests for injunctive relief should be heard as matters of first priority, with other issues reserved for a second hearing to follow the October hearing. (*Id.*) Because the October proofs did not allow presentation of Plaintiffs' requests for heat-related remedies, this issue was expressly reserved. (*See* Op. of Dec. 7, 2006 at 60 n.23.) Also reserved were Defendants' requests to terminate two provisions of the Consent Decree. (*See* Mot. to Reschedule 2; Resp. 4.) Following the October 2006 hearing, the Court scheduled the remaining issues for hearing of January 24-26, 2007. (Dkt. No. 2181.)

Defendants' present Motion asks for adjournment of the January 2007 hearing. Defendants, in recognition of T.S.'s death due to hyperthermia, are currently taking remedial action such that they ask that the hearing be delayed to assess the significance of their voluntary conduct. Defendants say that they have recently improved the air flow in the JMF segregation unit from the pre-August 6, 2006 level of 7 cubic feet per minute to 35 cubic feet per minute. (Mot. 3-4.) Defendants say that the recently-ordered requirement that psychological rounds be conducted in segregation has improved prisoner care. (*Id.*) Defendants say that they also have a new December 14, 2006 practice which greatly restricts the placement of prisoners on psychotropic medications into administrative segregation at JMF. (*Id.* & Ex. A.) Defendants also say that they are working on mechanical means of improving the conditions at JMF on high heat-index days. According to Defendants, they are considering shading portions of the cell blocks; they have also employed an engineering firm to investigate other possible solutions including solar coverings, window treatments, increased ventilation exhausts and the installation of a de-humidifier. (*Id.* at 5-6.) Defendants ask that the hearing be adjourned until late April 2007 so that they can provide more detailed information based upon their further study of heat-related remedies.[1]

Plaintiffs oppose the request. Plaintiffs have filed the Declaration of Michael Chonko, a mechanical engineer who works in the areas of heating, ventilation and air conditioning. Chonko's Declaration states that these possible remedies are unlikely to eliminate the summer high-heat index conditions which threaten prisoner health. (Chonko Decl. ¶ 11.) Plaintiffs also argue that the present

---

[1] After the filing of Plaintiffs' Response, Defendants filed a three-page Supplement explaining progress on their remedial plan. The Supplement explains that Defendants' architectural firm and another outside contractor will perform testing in January 2007. Defendants expect to develop a remedial plan by February 2007 and further expect that the plan will employ different remedies as to segregation and non-segregation blocks.

Motion was filed only after defense counsel admitted that Defendants were not prepared for the forthcoming hearing. (Resp. 5.)

Whether or not Defendants are prepared for hearing, it remains true that they have been given ample time to prepare for hearing. While the Court does encourage the parties to work cooperatively and to find remedies apart from court intervention, it does not appear that Defendants' current package of cures warrants adjourning a long-awaited hearing which has already been adjourned past the dates originally contemplated. As such, the request will be denied. The Court will, however, reserve for later determination, presumably at the conclusion of the hearing, whether or not post-hearing supplemental proofs may be submitted by the parties, including on the issue of proposed building improvements. If such supplemental proofs are allowed, though, the time frame for receiving them is likely to be short, consistent with past briefing schedules.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion to Reschedule (Dkt. No. 2243) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
January 9, 2007  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE