UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

      Plaintiffs,

v.

PATRICIA L. CARUSO, *et al.*,

      Defendants.
_____/

Case No. 4:92-CV-110

Hon. Richard Alan Enslen

**INJUNCTION**

      At hearing of February 1, 2007, Medical Monitor Dr. Robert Cohen, M.D., made two requests of Defendants for the purpose of facilitating his court-assigned role of monitoring health conditions within *Hadix* facilities. The first was a request that he be provided remote access to the SERAPIS system. The second was a request for advanced funding for the Office of the Independent Monitor to be established at the *Hadix* facilities. These requests were made to facilitate the prompt operation of the Office, including the recruitment, hiring and retention of personnel for the Office.

      Defendants' counsel has expressed reservations about both proposals. Defendants wish to monitor Dr. Cohen's file access and do not believe that technological programs indicating file usage would be a sufficient means of accomplishing such monitoring. Defendants also wish to delay any funding of the Office of Independent Monitor until after the establishment of the Office by approval of a plan.

      Since the announcement of the creation of the Office of Independent Monitor by the Court's Findings of Fact and Conclusions of Law of December 7, 2006, this Court has received a deluge of prisoner correspondence concerning unmet health needs. This is so even though the Findings, at ¶ 132, made clear that the plan establishing the Office would not be filed until 90 days from the date of the

Findings.  What this indicates to the Court, given the backdrop of proven regular violations of the Eighth Amendment, is that the need for the Office is dire and that the work of the Office should be facilitated by the means recommended by Dr. Cohen.  Accordingly, the Court approves the two requests of Dr. Cohen as necessary to correct Eighth Amendment violations concerning the denial of health care services.  The Court further finds that this remedy meets the requirements of 18 U.S.C. § 3626(a): that is, it is narrowly drawn; it extends no further than necessary to correct the continued violations of the Eighth Amendment; and it is the least intrusive means necessary to correct the violations.  While the Court believes that Dr. Cohen has regularly given notice to defense counsel and Defendants of problem cases, the Court will also make this a requirement of this Order to ensure due process to Defendants during further court proceedings.

**THEREFORE, IT IS HEREBY ORDERED** that Medical Monitor Dr. Robert Cohen's oral requests for prospective relief are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall immediately transfer to the Medical Monitor the sum of $100,000.00 to be used to fund preliminary activities of the Office of the Independent Monitor at the *Hadix* facilities.

**IT IS FURTHER ORDERED** that Defendants shall immediately furnish remote access to SERAPIS for Dr. Robert Cohen.

**IT IS FURTHER ORDERED** that Dr. Cohen shall provide timely oral or written notice of all problem cases discovered by him or the Office of the Independent Monitor to either defense counsel, Barbara Hladki or such other representative as the Defendants might appoint for this purpose.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    February 2, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |