UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EVERETT HADIX, *et al.*,

      Plaintiffs,

v.

PATRICIA L. CARUSO, *et al.*,

      Defendants.
_____/

Case No. 4:92-CV-110

Hon. Richard Alan Enslen

**PRELIMINARY INJUNCTION**

      Upon hearing of February 21, 2007, the Court was persuaded that immediate injunctive relief was necessary to prevent further Eighth Amendment violations from occurring in the context of prisoner transfer and from further preventing prisoner transfers from interfering with the remedying of current and ongoing Eighth Amendment violations as to a significant population of medically fragile prisoner patients. This finding is supported by past findings of the District Court, including its decisions of November 13, 2006 and December 7, 2006, as well as the matter discussed during hearing and the shocking statistics contained in the February 16, 2007 Monthly Report Regarding Specialty Care.

      This finding is supported by all four equitable factors pertinent under Federal Rule of Civil Procedure 65(a): namely, (1) there is a strong likelihood of success on the merits in that the record supports that a very large percent of the transferring inmates have been subject to current and ongoing Eighth Amendment violations regarding medical care and the conditions of transfer are likely to further cause non-delivery of essential medical services; (2) this harm is irreparable in that many such prisoners may experience permanent injury and/or death as a consequence of delinquent care; (3) the harm to Defendants will not be substantial harm because the seven-day delay is slight;

and (4) the public's interest is favored by honoring the Eighth Amendment. *See Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003); *Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992); *In re De Lorean Motor Co.*, 755 F.2d 1223, 1228-30 (6th Cir. 1985).

Upon consideration of 18 U.S.C. § 3626(a)(2), the Court further finds that the injunctive relief described below is narrowly drawn, extends no further than necessary to correct the harm, and is the least intrusive means necessary to correct the harm. In so finding, the Court also gives substantial weight to the adverse effects of the injunction upon public safety and the operation of the criminal justice system and finds that such effects are minimal and do not militate against the injunctive relief.

**IT IS HEREBY ORDERED** that Defendants shall cease and desist from prisoner transfers from *Hadix* facilities other than routine prisoner transfers not intended to reduce prisoner population at the *Hadix* facilities.

**IT IS FURTHER ORDERED** that the limitation expressed in the previous paragraph shall commence effective Wednesday, February 21, 2007 at 5:00 p.m. *nunc pro tunc* and shall continue in force for seven calendar days unless renewed, extended or modified.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for injunctive relief shall be filed within such seven day period, as shall Defendants' response.

**IT IS FURTHER ORDERED** that the parties are directed to conduct further meeting with the Medical Monitor for the purpose of finalizing the mental health/physical restraint plan and submitting it for Court approval.

DATED in Kalamazoo, MI:  
    February 22, 2007

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE