UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

      Plaintiffs,

                              Case No. 4:92-CV-110

v.

                              Hon. Richard Alan Enslen

PATRICIA L. CARUSO, *et al.*,

      Defendants.

                              **ORDER**

_____/

This Court's November 13, 2007 Preliminary Injunction required Defendants to submit for Court approval a plan to redress deficiencies in mental health care and staffing at the *Hadix* facilities, including to address injuries caused by the use of punitive restraints. Defendants submitted a Physical Restraint/Mental Health Care Plan on December 28, 2006 (Dkt. No. 2256). Plaintiffs then filed timely Objections to the Plan on February 9, 2007. This Court heard argument on Defendants' Plan on February 21, 2007. The following day the Court approved a Preliminary Injunction (which also dealt with the transfer of prisoners from *Hadix* facilities), which ordered Defendants to engage in further meetings with Independent Medical Monitor Robert Cohen, M.D. for the purpose of finalizing a plan for Court approval. Dr. Cohen, despite his best efforts, has not been able to persuade Defendants to make necessary changes to the Plan to prevent further imminent harm to prisoners by the use of physical restraints and the denial of necessary mental health care.

On April 25, 2007, Dr. Cohen filed a Special Report with the Court indicating deficiencies in Defendants' Plan. These deficiencies included: the failure of the Plan to provide sufficient safe restraint facilities (mental health beds for the housing of self-destructive mentally-ill prisoners and "safe" cell areas for the housing of mentally stable but destructive prisoners); the failure of the Plan

to sufficiently integrate mental health services offered by the Psychological Services Unit ("PSU") and the Outpatient Mental Health Services ("OMHS"); the failure of the Plan to provide an emergency mental health unit for RGC and SMT; the failure of the Plan to provide observation suicide beds in cell areas where staff can routinely, sufficiently and continuously observe suicidal prisoners' conditions in order to protect their well-being; the failure of the Plan to provide for adequate supervision of mental health staff and protocols for the oversight of psychiatric prescriptions; the failure of the Plan to account for the complete usage of beds at the Huron Valley Hospital facility and to take protective measures in that instance to ensure delivery of necessary mental health care to *Hadix* prisoners; the failure of the Plan to make mandatory referrals to Psychiatry for suicidality and significant deteriorations of mental health; the failure of the Plan to provide a Monthly Monitoring Report as requested by the Independent Medical Monitor; and the failure of training materials to address the death of T.S. and the need for non-MDOC produced training materials to be used, which materials should include a video depiction of T.S.'s death and a discussion of the necessity of prompt, insightful and compassionate mental health care to prevent such deaths.

Upon review, the Court concurs with Plaintiffs' Objections and the Report of the Independent Medical Monitor.  The Plan does not provide sufficient facilities and services to prevent violations of the Eighth Amendment caused by in cell physical restraints and denial of necessary mental health care.  *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Clark-Murphy v. Foreback*, 439 F.3d 280, 294 (6th Cir. 2006) (citing cases); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing cases).  The further facilities and services requested by the Independent Medical Monitor are essential to prevent death and serious injury to prisoners within the *Hadix* facilities.  Additionally,

2

the Court is concerned that the mental health intake process at RGC be sufficiently rigorous to ensure identification of all prisoners in need of mental health services. The revised Plan should include as a component the further study of this issue by the Office of the Independent Medical Monitor with Defendants' active assistance in the study.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Objections (Dkt. No. 2312) are **GRANTED** and Defendants' present Plan (Dkt. No. 2256) is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendants shall submit a revised Plan addressing all of the Court's concerns as to the insufficiencies of the Plan within 30 days, and subject to penalties for contempt pursuant to 18 U.S.C. § 401.

**IT IS FURTHER ORDERED** that should Plaintiffs disapprove of the revised Plan, they shall file objections within seven days of the filing of the revised Plan.

**IT IS FURTHER ORDERED** that should Plaintiffs object, then Defendants shall file a written response within seven days of the filing of the objections, and the Independent Medical Monitor shall file a further report with this Court not later than seven days after the filing of Defendants' response.

|                              |                                        |
|------------------------------|----------------------------------------|
|                              | /s/ Richard Alan Enslen                |
| DATED in Kalamazoo, MI:      | RICHARD ALAN ENSLEN                    |
|     May 4, 2007              | SENIOR UNITED STATES DISTRICT JUDGE   |