UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

        Plaintiffs,

v.

PATRICIA L. CARUSO, *et al.*,

        Defendants.
_____/

Case No. 4:92-CV-110

Hon. Richard Alan Enslen

**ORDER**

Defendants recently, as part of their Detailed Alternative Plan (to address fire safety), moved prisoners in Block 8 of the Parnall Correctional Facility (a *Hadix* facilitiy which was within the walls of the old State Prison of Southern Michigan-Central Complex) to two prison buildings, Buildings A and B, which are part of Parnall, but outside the old Central Complex.  (*See* Dennis Straub April 2, 2007 Aff. ¶¶ 3-4; Mar. 23, 2006 Detailed Alternative Plan 3.)  Defendants' Motion asks that the Court terminate jurisdiction as to Block 8 (which is undisputed), but also asks that the Court not exercise jurisdiction over prisoners at the transferee facilities (which is disputed).  Oral argument is unnecessary in light of the briefing.  *See* W.D. Mich. L. Civ. R. 7.2(d).

Defendants' request to terminate jurisdiction as to Block 8 will be granted because the Block has been permanently closed.

Defendants' request that the Court not exercise jurisdiction over Buildings A and B of the Parnell Correctional Facility will be denied.  This request would be proper if Defendants had complied with Section XI of the Decree–which calls for termination of the Decree "[a]fter Defendants have complied with all of the provisions of this Consent Judgment." (Consent Decree 33.)  Of course, this has not occurred.  While the implementation of the fire safety remedy appears

to have been effective in addressing fire safety concerns of the transferring prisoners, the change in location has come amidst persistent and regular denials of the prisoners' Eighth Amendment rights to health care services, including specialty services. The Court recently adjudicated those violations in December 2006 and enjoined Defendants to make remedial plans to address the denial of health care to these inmates. (Findings of Fact & Conclusions of Law & Permanent Inj. of Dec. 7, 2006.) A failure to exercise jurisdiction over Facilities A and B would deprive class members of essential remedies to address constitutional violations of their health care. This request will be denied and the Court will instead exercise jurisdiction over Buildings A and B as *de facto Hadix* facilities.

This approach does not represent any significant expansion of Court jurisdiction, but is rather narrowly tailored to ensure that adjudicated remedies are applied consistent with Constitutional standards and the inherent authority of the federal courts to ensure that their remedial orders are not frustrated. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55-58 (1991). The Sixth Circuit has previously ruled that federal jurisdiction over conditions may not be frustrated by simply transferring inmates outside of the Central Complex. *See Hadix v. Johnson*, 1995 WL 559 372 **6 (6th Cir. Sept. 20, 2005). It has also ruled that maintaining jurisdiction over clear constitutional violations affecting class members is a proper and efficient means of asserting federal authority. *See Hadix v. Johnson*, 367 F.3d 513, 518 n.7 (6th Cir. 2004). Given the very grievous violations of inmates' constitutional rights and the recent reports of the Independent Medical Monitor suggesting that this treatment has not abated, it is imperative that federal jurisdiction over remedy not lapse.

For these reasons, the reasons argued at length in Plaintiffs' Response (Dkt. No. 2402) and the reasons explained by the Court in its Opinion of May 4, 2007;

**IT IS HEREBY ORDERED** that Defendants' Motion to Terminate the Court's Consent Decree Jurisdiction Over 8-Block of the Parnall Correctional Facility (Dkt. No. 2374) is **GRANTED** to the extent that jurisdiction over 8-Block of Parnall Correctional Facility is **TERMINATED**.

**IT IS FURTHER ORDERED** that jurisdiction shall continue over *Hadix* class members transferred to Buildings A and B of the Parnall Correctional Facility, which buildings are deemed *de facto Hadix* facilities for the purpose of remedy.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 14, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |