UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

        Plaintiffs,

v.

PATRICIA CARUSO, *et al.*,

        Defendants.
_____/

Case No. 4:92-CV-110

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court to consider the approval of Defendants' dialysis transfer plan, as supplemented. The request for approval is now made with the consent of all parties, though Plaintiffs and the Office of the Independent Medical Monitor have requested that transfer approval be premised upon some conditions of which Defendants disapprove. The Court has also received prisoner correspondence requesting that the dialysis transfer plan be approved. Oral argument or other hearing is unnecessary in light of the basic agreement as to the transfer.

      Upon review of these matters, including the prisoner correspondence, the Court will approve the transfer of the dialysis unit and dialysis unit patients, even though the approval of an overall transfer plan regarding prisoners at the Southern Michigan Correctional Facility (also known as the Josephine McCallum Facility or "JMF") is still pending. The Court finds that the purposes of the Preliminary Injunction and equity jurisdiction, which prevented transfer without Court approval, in this case warrant approval of the transfer because the transfer is not likely to endanger prisoners beyond the very significant dangers and failures of care present at the *Hadix* facilities. In saying so, the Court is not endorsing either the level of care at the *Hadix* facilities or the expected level of care

at the Ryan Correctional Facility. The record specifies rather clearly that there are serious deprivations of medical care affecting dialysis patients, including, but not limited to, a failure by Defendants to provide timely chronic care, a failure to provide timely medication renewal of chronic medications, and a failure by Defendants to provide timely access to specialty care, among other problems. These problems, as recognized by the parties, are likely to continue upon transfer. Notwithstanding, the logic of equity currently favors such transfer because Defendants themselves have began to focus their efforts at dialysis care at the Ryan facility such that retaining the prisoners at the *Hadix* facilities will predictably result in more deprivations of care than would occur at the Ryan facility (given Defendants' channeling of resources to the Ryan facility).

In making this approval, the Court does so subject to the endorsement of the transfer conditions deemed necessary in the Report of the Office of the Independent Medical Monitor and by Plaintiffs, including, but not limited to, the compliance by Defendants with the remedial framework established in the *Hadix* suit, the limitations on the use of physical restraints, and the continued use of monthly meetings to address deprivations in care. The exercise of jurisdiction over the Ryan facility and medical monitoring shall be limited to the care and treatment of patients of the dialysis unit and shall cease as soon as compliance with Eighth Amendment standards is demonstrated by Defendants. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55-58 (1991) (describing inherent authority of federal courts to ensure that decrees are not frustrated); *see also Hadix v. Johnson*, 367 F.3d 513, 518 n.7 (6th Cir. 2004) (stating that judicial efficiency requires continuance of jurisdiction notwithstanding transfers).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' dialysis transfer plan, as supplemented, is **APPROVED** subject to Defendants' compliance with the conditions of transfer sought by the Office of the Independent Medical Monitor and by Plaintiffs.

**IT IS FURTHER ORDERED** that the exercise of jurisdiction over the Ryan Correctional Facility and the medical monitoring of the same shall be limited to the care and treatment of patients of the dialysis unit and shall cease as soon as compliance with Eighth Amendment standards is demonstrated by Defendants.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
June 5, 2007  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE