UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

      Plaintiffs,

v.

PATRICIA CARUSO, *et al.*,

      Defendants.

_____/

Case No. 4:92-CV-110

Hon. Richard Alan Enslen

**ORDER**

    Pending before this Court are two motions pertaining to ongoing discovery as well as a June 22, 2007 Order from the Sixth Circuit Court of Appeals directing additional findings on three subjects at the bottom of the third page of the Order.  The parties require a prompt ruling on these matters since discovery is ongoing.  Oral argument is unnecessary in light of the briefing.

    Plaintiffs filed their Motion for Expedited Discovery Ruling on June 19, 2007, requesting clarification of the Court's June 11, 2007 discovery ruling.  On June 22, 2007, the Sixth Circuit entered its Order directing additional findings.  In response to both Plaintiffs' Motion and the Order of June 22, 2007, Defendants filed a Motion to Amend/Rescind Discovery Schedule on June 22, 2007.  It is noted in both Plaintiffs and Defendants' moving papers that they agree that certain discovery dates must be adjusted to accommodate Sixth Circuit briefing, but that they continue to disagree as to the content of discovery.  Defendants' Motion suggests that the Court make the additional findings without the benefit of discovery and abandon such discovery.  Plaintiffs' Response to Defendants' Motion to Amend/Rescind Discovery Schedule emphasizes the importance of the subjects it seeks to discover (comparative cost, comparative health care quality, and comparative health care availability at the other MDOC facilities) to the additional findings directed

by the Sixth Circuit as well as the other remedial and equitable issues which are pending in this suit. Plaintiffs also believe that the Court should make an informed judgment before resolving the issues outlined by the Sixth Circuit, which cannot be done in the absence of the discovery sought.

Upon review of these arguments, the Court finds that the whole of the information sought by Plaintiffs is discoverable as explained in the Court's June 11, 2007 Order.  As such, the discovery should take place at the new dates which are mutually agreeable to the parties.  The discovery should include, without limitation, the information sought by Plaintiffs regarding the comparative quality, costs and availability of health care at the other MDOC facilities.  It should also include any legally proper discovery questions which are calculated to be admissible or reasonably calculated to lead to the discovery of admissible evidence (excepting privileged communications, such as attorney-client privileged matters).  *See* Fed. R. Civ. P. 26(b)(1).  Permissible  discovery shall also include the three subjects listed on the bottom of page three of the Sixth Circuit's June 22, 2007 Order.  Due to the pending directions from the Sixth Circuit, the Court will also order supplemental briefing on the additional issues, to be completed after discovery.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Motion for Expedite Discovery Ruling  (Dkt. No. 2499) is **GRANTED** to the extent that the relief sought in Plaintiffs' Response to Defendants' Motion to Amend/Rescind Discovery Schedule (Dkt. No. 2506) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend/Rescind Discovery Schedule (Dkt. No. 2504) is **DENIED**.

**IT IS FURTHER ORDERED** that 15 days after the completion of discovery (meaning the conclusion of the last depositions, the filing of the last discovery responses, or the resolution of any motions to compel by later court action, whichever is later), the parties shall file supplemental

briefing, which may exceed 20 pages in length, on the three issues directed in the Sixth Circuit's June 22, 2007 Order and the general equitable issues pertinent to whether the transfer of the special needs prisoners should be further enjoined (including, of course, a discussion of the medical services available for prisoners at the expected receiving facilities, comparative costs, *etc.*).   Those supplemental briefs should state whether the parties desire oral argument on any issue.   The parties are advised that a request for oral argument may delay resolution of the issues given the Court's current schedule of many criminal trials and sentencing hearings.

**IT IS FURTHER ORDERED** that the parties shall file responsive briefs, which may exceed 20 pages in length, not later than 15 days after the filing of the initial briefs.

|  |  |
|---|---|
| DATED in Kalamazoo, MI: | /s/ Richard Alan Enslen |
|  | RICHARD ALAN ENSLEN |
| June 28, 2007 | SENIOR UNITED STATES DISTRICT JUDGE |