UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVERETT HADIX, *et al.*,

        Plaintiffs,

v.

PATRICIA L. CARUSO, *et al.*,

        Defendants.
_____/

Case No. 4:92-cv-110

Hon. Richard Alan Enslen

**ORDER**

      Pending before this Court is Defendants' Motion for a Protective Order or, in the Alternative, Motion to Quash Subpoena. On June 18, 2007, Plaintiffs' counsel served a subpoena upon Director Patricia Caruso, compelling her appearance to testify at a deposition and produce certain documents. This deposition, one of five, was originally scheduled for Thursday June 28, 2007. In light of the recent Sixth Circuit Court of Appeal's decision, the parties agreed to reschedule the depositions for July 9, 10 and 11, 2007. Defendants now move this Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c) or in the alternative, to quash the Director Caruso's subpoena pursuant Rule 45(C).

      Defendants first argue the Court should grant a protective order on the basis that Director Caruso is a high ranking official and no exceptional circumstances exist requiring such a deposition. Relying upon *United States v. Morgan*, 313 U.S. 409, 422 (1941), and its progeny, Defendants make the broad assertion that the practice of deposing high ranking government officials should be discouraged. However, in *Morgan*, the Supreme Court relied significantly upon the quasi-judicial role of the high ranking official deposed, the Secretary of Agriculture, in finding such a deposition was improper. *Id*. Therefore, *Morgan* does not set forth any general rule prohibiting or limiting depositions of public officials in general. Moreover, this Court notes that in at least one case in this

district a Deputy Director of the Michigan Department of Corrections has given testimony. *See Knop v. Johnson*, 667 F. Supp. 467, 505 (W.D. Mich. 1987).

The Court further recognizes the exceptional circumstances surrounding this litigation. Although Defendants make a strong point that to allow Director Caruso's deposition in every case in which she is a named defendant would hamper her ability to conduct business, the Court does not believe that such an argument applies in this context. The present litigation and the scope of discovery, specifically decisions regarding the closure of a prison facility, are such that it is likely Director Caruso has direct and unique knowledge on the subject. Therefore, unlike most cases in which Director Caruso has the dubious honor of being named a defendant, in the present case there exists the likelihood of relevant firsthand knowledge. Moreover, the Court recognizes that as a result of the expedited discovery, Plaintiffs were put in the abnormal situation of serving deposition notices before Defendants were required to respond to written discovery. (*See* Order, June 11, 2007.) This obviated the procedure with which to identify more specifically the individual who made the decision to close Southern Michigan Correctional Facility ("JMF").[1]

Pursuant to Rule 26(c) it is the burden of the party seeking the protective order to show "good cause" to justify a protective order. *See Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992); *see also Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499, 501 (W.D. Mich. 2005) (citing *Nix. v. Sword*, 11 Fed. App. 489, 500 (6th Cir. 2001)). Defendants argue good cause exists because there are other lesser ranking officials who "could provide answers to any of the potential questions the Plaintiffs' counsel might have." (Mot. at 3.) Despite the general assertion that lesser ranking officials have such knowledge, Defendants themselves point out that those individuals are

---

[1] The Court notes Plaintiffs are still awaiting three such requests for production. (Resp. at 8.)

"tasked with the day-to-day operations of MDOC's medical health care and financial activities. A function that is not the Director's" (Mot. at 4.) It is clear the pertinent information Plaintiffs seek from Director Caruso relates to her knowledge and/or her decision regarding the closure of JMF. One would be hard pressed to describe such a decision as one falling within the category of "day-to-day." As a result, the Court finds Defendants have not shown good cause that a protection order should be issued. Where it appears likely Director Caruso has direct and relevant knowledge on the decision to close JMF, and it is likely that such a decision was logically within the purview of her position (therefore putting her in the position of having unique knowledge of the issues) such a deposition request is proper. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977) (remanding case to district court with leave to require explanation from officials of the Department of Transportation of their actions).

To the extent Defendants seek to quash the subpoena pursuant to Rule 45(c) for the reason that such a deposition is "harassment" the Court finds the argument is without merit. As described above, given the exceptional circumstances surrounding this case and the likelihood of Director Caruso's direct and relevant knowledge, one could not describe Plaintiffs' request as one of harassment. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for a Protective Order or, in the Alternative, Motion to Quash Subpoena (Dkt. No. 2510) is **DENIED**.

Dated in Kalamazoo, MI:　　　　　　　　　　　　/s/Richard Alan Enslen
July 6, 2007　　　　　　　　　　　　　　　　　Richard Alan Enslen
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

3