UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT HADIX, et al.,

        Plaintiffs,

v.

CASE NO. 4:92-CV-110

HON. ROBERT J. JONKER

PATRICIA CARUSO, et al.,

        Defendants.

_____/

**OPINION AND ORDER**

      Before the Court is Defendants' Motion of July 20, 2007 to Amend the February 2, 2007 Injunction Regarding Remote Access to SERAPIS for Dr. Robert Cohen (Dkt. No. 2566). In its Injunction (Dkt. No. 2302), the Court ordered Defendants "immediately [to] furnish remote access to SERAPIS to Dr. Robert Cohen," the Independent Medical Monitor. (Injunction at 2.) Defendants did not appeal the Injunction. Defendants did not move for reconsideration of any part of the Injunction. Defendants did not ask this Court or the Court of Appeals for a stay of the Injunction. And most importantly, Defendants did not comply with the Injunction. Instead, after nearly six months of non-compliance, Defendants filed the pending Motion.

      Defendants do not claim they are unable to comply. Rather, they claim that they should not have to comply because doing so would give the OIMM the ability to access medical records of prisoners who are not *Hadix* class members, as well as the records of *Hadix* class members. Of course, even if this objection were entirely valid, it would not justify Defendants' evident disregard of the Court's injunction for the past six months. *See Nat'l Labor Relations Bd v. Cincinnati*

*Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987) (citing *Maness v. Meyers*, 419 U.S. 440, 458 (1975)). Defendants are always free to appeal or otherwise challenge the Court's orders through lawful procedures, but they are not free to disregard those orders during the challenge.

Moreover, Defendants' belated objection to the Injunction is not well-taken. Defendants themselves concede that the OIMM already has on-site SERAPIS access in *Hadix* facilities. (Motion at 2.) Nothing in Defendants' papers explains why signing into SERAPIS from a remote location presents any greater concern for prisoner privacy than signing into the SERAPIS system from a *Hadix* facility. But more importantly, the mandate of the OIMM reasonably requires access to the SERAPIS records of at least some former *Hadix* prisoners who have transferred to other facilities within the State. The OIMM must monitor the implementation of SERAPIS, mandate remedial care in secure locations outside the *Hadix* facilities when necessary for corrective action, and mandate prompt and secure transfer of prisoners to medical care within and outside of *Hadix* facilities. (Findings of Fact and Conclusions of Law at 56, 59, Dkt. No. 2233.) The Court has also explicitly enjoined Defendants from transferring prisoners needing "any special housing, including access to regular or specialty medical care, disability accommodation, or access to mental health care, unless such housing needs will be met at the receiving facility" and empowered the OIMM to review prisoner complaints of transfers violating this requirement. (Opinion at 18-19, Dkt. No. 2343.) The Court has charged the OIMM with auditing prisoner transfers and instructed Defendants to make available to the OIMM upon the OIMM's request "complete medical records of any transferring or transferred prisoners." (*Id*. at 19.) Further, the Sixth Circuit order of June 22, 2007 directs the Court to reconsider several issues regarding transfer of special needs prisoners – a process that at least may reasonably require or benefit from information from the OIMM on the medical conditions of transferred prisoners. *Cf.* FED. R. CIV. P. 26(b) (discoverable information

"need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence").

This Court recognizes that Defendants fundamentally disagree with earlier Orders of this Court that are now on appeal to the Sixth Circuit. This Court further recognizes that there is continuing controversy over the precise scope of what facilities and what prisoners are included within the *Hadix* class relief. However, neither the pending appeals, nor the remaining dispute over the precise contours of the *Hadix* class (whether defined in terms of prisoners, facilities or both) justify any further delay in Defendants' compliance with the Court's February 2 Injunction mandating remote access to SERAPIS for the OIMM. Dr. Cohen and his staff will limit their review of prisoner records to those necessary to fulfill their court-imposed mandate. As Plaintiffs themselves acknowledge: "[T]he only OIMM need for state-wide access to SERAPIS is to monitor the medical care provided to former *Hadix* prisoners who have been transferred to other facilities." (Plaintiffs' Opposition at 4, Dkt. No. 2572.) Nothing in this Order or in the Court's earlier Injunction is intended to permit more than that.

Accordingly, Defendants' Motion is DENIED. Defendants shall comply forthwith with this Court's February 2, 2007 Injunction mandating remote SERAPIS access for Dr. Cohen.

Dated:   August 13, 2007            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE